IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONTE PARRISH,**

    Plaintiff,

v.

    Civil action No. 1:17cv70
    (Judge Keeley)

**UNITED STATES OF AMERICA,**

    Defendant.

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

**I. Background**

On May 3, 2017, the *pro se* Plaintiff filed a Federal Tort Claim Act ("FTCA") complaint. ECF No. 1. The Clerk of Court issued a Notice of Deficient Pleading, directing Plaintiff, *inter alia,* to file a motion to proceed as a pauper with supporting documents. ECF No. 3. On June 16, 2017, Plaintiff filed the motion to proceed as a pauper with the supporting documents. ECF Nos. 8, 9, & 10. By Order entered on June 19, 2017, Plaintiff was granted permission to proceed as a pauper but directed to pay an initial partial filing fee ("IPFF"). ECF No. 11. The IPFF was to be paid within 28 days. Id.

On July 18, 2017, Plaintiff moved for an extension of time in which to pay the IPFF. ECF No. 13. By Order entered August 9, 2017, Plaintiff was granted an extension of time until September 8, 2017 in which to pay the IPFF. ECF No. 14.

On September 8, 2017, Plaintiff filed a second motion for an extension of time in which to pay the IPFF[1] [ECF No. 16] along with a motion to proceed without paying the IPFF. ECF

---

[1] This motion also contains the instant motion for a preliminary injunction or temporary restraining order, for a copy of the rules, and a motion for appointed counsel.

No. 17. In the first of these two motions, Plaintiff alleges that he has the funds in his account to pay the IPFF but that he has been unable to get anyone at USP Big Sandy to send the money to the court because "the prison has not complied with the orders" and that "on 8/23/17 I gave counselor Philip Kute a BP-199 green form to have the money deducted that way[,] but the money hasn't been moved as of yet." ECF No. 16. In his motion to proceed without prepayment of an initial partial filing fee, Plaintiff asks to be able to proceed without payment of the IPFF "that way the money will be deducted because it can't be used as a stall tactic." ECF No. 17. He again contends that the prison is denying court orders regarding the deduction of the IPFF from his account. Id.

In his motion for a preliminary injunction or temporary restraining order ("TRO") against the USP Big Sandy Warden McConnell, A.W. Brewer, Counselor Philip Kute, Case Manager Meagan Webb, Unit Manager R. Ward, C.O. Blackburg Doug [sic], and SHU (Special Housing Unit) staff, Plaintiff alleges these individuals are denying him law library, denying him access to his legal work and DHO (Disciplinary Hearing Officer) reports; denying court orders (regarding the deduction of the initial partial filing free from his Trust account and payment of the same to the court); and that they submitted his case to the SMU (Special Management Unit), where he has been sent for 9 months segregation, with numerous concomitant restrictions. Plaintiff contends that "[t]hey selected me [for the SMU] over a whole list of more qualified candidates." ECF No. 17 at 1.

Plaintiff alleges that without the granting of his request for a preliminary injunction, he will be "denied access to adequate law library, legal counsel and money to buy postage due to my inability to work." Id. Alternatively, he requests that if the preliminary injunction or TRO

2

cannot be granted, he be furnished with a copy of "the rules" or be advised on the method to be appointed counsel.[2] Id.

## II. Analysis

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.2d 287, 290 (4th Cir. 2011)(quoting Winter v. Natural Res. Def. Counsel, Inc., 555 U.S. 7 (2008)); see Peterson v. National Telecommunications & Information Admin., 505 F. Supp. 2d 313, 317 (E.D. Va. 2006)(quoting Direx Israel Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992))(recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits;" (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted). See Direx v. Israel, 952 F.2d at 812)(indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a plaintiff "**clearly show**" that he is likely to succeed on the merits. Id. Winter, 555 U.S. at 22. (emphasis added.).

---

[2] Plaintiff's motion for appointed counsel has already been denied by separate order and his motion for a copy of "the rules" was construed as a motion for a copy of the Local Rules of Prisoner Litigation Procedure ("LR PL P") for this district. Because Plaintiff is incarcerated in USP Big Sandy, in Inez, Kentucky, it is unlikely he had access to the LR PL P for this district; therefore, the Clerk has been directed to send him a copy of the same. ECF No. 19.

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief'). See also In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). As the Fourth Circuit has held, ordinarily, preliminary injunctions are issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). But such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Consequently, "application of th[e] exacting standard of review [for preliminary injunctions] is even more searching when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, Plaintiff seeks a preliminary injunction or TRO requiring that (1) he be permitted more law library time; (2) access to his legal work and DHO reports; (3) the prison Trust Account Officer pay his IPFF to the court;[3] (4) and that he be released from the SMU. However, an analysis of the Winter factors reveals that Plaintiff's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his complaint. The Defendant has not yet been served and has not yet had an opportunity to respond to Plaintiff's as-

---

[3] An Order has already been entered, directing the Warden at USP Big Sandy to respond to Plaintiff's allegations regarding the Trust Account Officer's failure to timely deduct Plaintiff's IPFF from his account and send it to the court. See ECF No. 18. Accordingly, Plaintiff's motions for a second extension of time in which to pay the IPFF [ECF No.16] and his motion to proceed without payment of the IPFF [ECF No. 17] have been denied as moot. See ECF No. 20.

yet-unsubstantiated allegations. Therefore, based upon the record currently before the court, Plaintiff has not clearly shown that he is likely to succeed on the merits of his claims. Because Plaintiff has not made the necessary showing as to the first factor, it is not necessary to even reach the other factors. See Dewhurst, 649 Fed 3d at 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant),

### III. Recommendation

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for a Preliminary Injunction [ECF No. 17] be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 13, 2017

/s/ *Michael J. Aloi*
MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE