# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONTE PARRISH,**

    **Plaintiff,**

**v.**              **//**        **CIVIL ACTION NO. 1:17CV70**
                                          **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 28], AND DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 17]**

## I. BACKGROUND

On May 3, 2017, the pro se plaintiff, Donte Parrish ("Parrish"), filed a complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA"), alleging claims of false imprisonment, abuse of process, intentional infliction of emotional distress, negligence, and malicious prosecution related to the BOP's investigation of a 2009 incident at USP Hazelton, and his placement in various Special Management Units ("SMUs") during the pendency of that investigation (Dkt. No. 1). Parrish seeks $5,000,000.00 in damages. Id. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to United States Magistrate Judge Michael J. Aloi for initial screening and a report and recommendation ("R&R").

By Order entered on June 19, 2017, Magistrate Judge Aloi directed Parrish to pay an initial partial filing fee ("IPFF") within 28 days (Dkt. No. 11). On July 18, 2017, Parrish moved for

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 28], AND DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 17]**

an extension of time in which to pay the IPFF (Dkt. No. 13), which Magistrate Judge Aloi granted (Dkt. No. 14). On September 8, 2017, Parrish filed a second motion for an extension of time in which to pay the IPFF, along with a motion to proceed without paying the fee (Dkt. No. 16). He also filed a motion for a temporary restraining order ("TRO") or preliminary injunction (Dkt. No. 17). The motion for a TRO or preliminary injunction requested (1) that he be permitted more law library time, (2) that he have access to his legal work and Disciplinary Hearing Officer reports, (3) that the prison Trust Account Officer pay his IPFF to the Court,[1] and (4) that he not be placed in the Special Management Unit ("SMU") (Dkt. No. 17).

Magistrate Judge Aloi's R&R recommended that the Court deny the motion because Parrish had not established his entitlement to a preliminary injunction pursuant to the four-factor test articulated in <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008) (Dkt. No. 21). Specifically, the R&R concluded that Parrish had not established a likelihood of success on the merits,

---

[1] Magistrate Judge Aloi has previously entered an order directing the Warden at USP Big Sandy to respond to Parrish's allegations regarding the Trust Account Officer's failure to timely deduct Parrish's IPFF from his account (Dkt. No. 18). Accordingly, Parrish's motions for a second extension of time in which to pay the IPFF (Dkt. No. 16) and his motion to proceed without payment of the IPFF (Dkt. No. 17) have been denied as moot (Dkt. No. 20).

**PARRISH V. USA** 1:17CV70

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 28], AND
DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 17]**

as required by the first factor in Winter (Dkt. No. 21 at 4). Parrish filed timely objections to the R&R (Dkt. No. 28).

## II. LEGAL STANDARD

A preliminary injunction is proper when the plaintiff can "[1] establish that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 555 U.S. at 20. "[A]ll four requirements must be satisfied," Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), and "[a] preliminary injunction shall be granted only if the moving party clearly establishes entitlement." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017).

The Court is mindful of the fact that "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24 (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." Micro Strategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (internal quotation marks omitted). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions "only under exceptional and compelling circumstances." Asemani v. Warden, No. CV RDB-16-1170, 2017 WL

**PARRISH V. USA**                                          **1:17CV70**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 28], AND
DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 17]**

1194173, at *2 (D. Md. Mar. 30, 2017) (citing Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994)).

### III. DISCUSSION

When reviewing a magistrate judge's R&R, the Court must review de novo the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). Moreover, the pleadings and objections of a pro se plaintiff are entitled to liberal construction. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (noting that pro se objections should be "accorded leniency" and "construed to raise the strongest arguments that they suggest" (internal quotation omitted)). Having conducted a de novo review of Parrish's request in light of the factors outlined in Winter and his pro se objections to the R&R, the Court concludes that he is not entitled to the equitable relief he seeks.

First, as the magistrate judge correctly concluded, Parrish has not shown that he is likely to succeed on the merits of his FTCA claims. Although the defendant has not yet responded to Parrish's claims, "[i]t is well-accepted that courts afford federal prison administrators wide berth in deciding issues of prison management and security." Holloway v. Coakley, No. 2:17CV74, 2018 WL 1287417, at *4 (N.D. W. Va. March 3, 2018) (citing Hewitt v. Helms, 459 U.S. 460, 467 (1983)). Unless "a clear violation of constitutional rights is occurring," courts will not intervene. Id.

**PARRISH V. USA**                                                    **1:17CV70**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 28], AND
DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 17]**

Indeed, "[e]ven where there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators." Taylor v. Freeman, 24 F.3d 266, 269 (4th Cir. 1994).

Additionally, Parrish "has no constitutional right to remain in the general population or not to be transferred to the SMU." Holloway, 2018 WL 1287417, at *4 (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976)). Placement in a SMU also does "not constitute a dramatic departure from the accepted standards for conditions of confinement such that due process [is] implicated." Id. (quoting Robinson v. Norwood, 535 Fed. Appx. 81, 83-84 (3d. Cir. 2013)). Therefore, Parrish has failed to establish that he is likely to succeed on the merits of his claims.

Next, even had Parrish shown a likelihood of success on the merits, he has failed to establish irreparable harm in the absence of preliminary relief. In his objections, Parrish argues that, if he is "sent [back] to the SMU, [he] will be basically forfeiting [his] claim," because "researching and responding to motions [will be] utterly impossible" (Dkt. No. 28 at 3). On the contrary, since filing his motion for a TRO or preliminary injunction, Parrish has also filed a motion to seal (Dkt. No. 25), objections to Magistrate Judge Aloi's R&R (Dkt. No. 28), a motion for leave to file an

**PARRISH V. USA**                                                        **1:17CV70**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 28], AND
DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 17]**

amended complaint (Dkt. No. 34), an amended complaint (Dkt. No. 39), a memorandum of evidence (Dkt. No. 51), and a motion for summary judgment (Dkt. No. 63).

Finally, Parrish has failed to establish that the balance of equities tips in his favor, or that an injunction would be in the public interest. While Parrish argues that "[t]he public has an interest in knowing the law will protect him from overzealous and retaliatory defendants" (Dkt. No. 28 at 5), the Court also recognizes that "the public most certainly has an interest in the effective management of the prison system, both for the safety of the general public and those in the prison system." Holloway, 2018 WL 1287417, at *7. Indeed, "[t]here is a strong public interest in allowing the BOP to perform its function, and the inherent discretion that accompanies this function, without interference from courts." Id. This interest is particularly compelling in cases where, as here, a prisoner has been able to pursue his claims diligently, without the need for an injunction.

Because Parrish cannot satisfy each of the factors set forth in Winter, the Court **OVERRULES** his objections (Dkt. No. 28), **ADOPTS** the R&R (Dkt. No. 21), and **DENIES** the motion for a temporary restraining order or preliminary injunction (Dkt. No. 17).

It is so **ORDERED.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 28], AND DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 17]**

The Court **DIRECTS** the Clerk to transmit this Order to counsel of record and to the pro se plaintiff by certified mail, return receipt requested.

Dated: June 18, 2018.

>                    /s/ Irene M. Keeley
>                    IRENE M. KEELEY
>                    UNITED STATES DISTRICT JUDGE