IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONTE PARRISH,

     Plaintiff,

v.                  //        CIVIL ACTION NO. 1:17CV70
                                   (Judge Keeley)

UNITED STATES OF AMERICA,

     Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Michael J. Aloi recommending partial dismissal of the amended complaint filed by the pro se plaintiff, Donte Parrish ("Parrish"). Also pending are Parrish's objections to the magistrate judge's recommendations. For the reasons that follow, the Court **OVERRULES** Parrish's objections (Dkt. No. 81), **ADOPTS** the Report and Recommendation (Dkt. No. 77), and **GRANTS in PART** and **DENIES in PART** the defendant's motion to dismiss (Dkt. No. 65).

### I.

On May 3, 2017, Parrish, a federal inmate, initiated this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA") (Dkt. No. 1).[1] Pursuant to 28 U.S.C. § 636 and its local

---

[1] Pursuant to a Notice of Deficient Pleading issued to him on May 3, 2018 (Dkt. No. 3), Parrish was directed to re-file his complaint on the proper court-approved form, which he did on June 16, 2017 (Dkt. No. 7).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

rules, the Court referred the complaint to Magistrate Judge Aloi for initial screening and a report and recommendation ("R&R").

On December 18, 2017, Parrish filed an amended complaint alleging claims of false imprisonment, abuse of process, intentional infliction of emotional distress, negligence, and malicious prosecution related to the Bureau of Prisons ("BOP")'s investigation of a 2009 incident at USP Hazelton and his placement in various Special Management Units ("SMUs") during the pendency of that investigation (Dkt. No. 39). Parrish further alleges that he filed two Administrative Tort Claim forms regarding these claims, both of which were subsequently denied by the BOP. Id. at 4. Parrish contends that, as a result of the defendant's conduct, he suffered three years of illegal confinement. Id. at 9. For relief, he seeks $5,000,000.00 in damages. Id.

By Order entered on May 1, 2018, Magistrate Judge Aloi directed the defendant to file an answer on the limited issue of the timeliness of Parrish's claims (Dkt. No. 57). Shortly thereafter, on May 17, 2018, Parrish filed a "Notice of Timeliness" (Dkt. No. 62). The defendant responded to these developments by moving to dismiss the amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Dkt.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

No. 65).[2] Parrish then filed a response in opposition to the motion to dismiss (Dkt. No. 74).

## II.

On September 24, 2018, Magistrate Judge Aloi entered an R&R recommending that the Court grant in part and deny in part the defendant's motion to dismiss (Dkt. No. 21). The R&R first recommended that the Court deny the motion to dismiss Parrish's claims as stated in Administrative Tort Claim TRT-MXR-06283 based on the defendant's failure to specifically advise Parrish of the six-month deadline within which he was required to file suit in order to preserve his claims. Id. at 8-9 (explaining that the failure to include this information in a claim denial letter prevents the limitations period from running).

Then, after reviewing the administrative record in the case, the R&R recommended that the Court grant the defendant's motion to dismiss Parrish's claims as stated in Administrative Tort Claim TRT-MXR-2016-06710 ("Administrative Claim '710" or "the '710 Claims"). Specifically, the R&R concluded that the '710 Claims are time-barred based on Parrish's failure to file this action within

---

[2] In United States v. Kwai Fun Wong, 135 S.Ct. 1625, 1629 (2015), the Supreme Court held that the FTCA's limitations period is not a jurisdictional rule but a claims-processing rule. Accordingly, the Court construes the defendant's pending motion as one to dismiss Parrish's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81],
AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

six (6) months of the defendant's final denial of the claims, after receiving adequate notice of the filing deadline. Id. at 9-10. It further concluded that neither the "prison mailbox rule" nor the doctrine of equitable tolling apply to save those claims. Id. at 11-15.

The R&R also informed the parties of their right to file written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. Id. at 15-16. The Court received Parrish's timely objections to the R&R on October 29, 2018 (Dkt. No. 81).[3] To date, the defendant has not filed any objections to the R&R. Accordingly, this case is now ripe for decision.

**III.**

In reviewing a magistrate judge's R&R, the Court may adopt without explanation any recommendations to which no objections are filed.[4] Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). Thus, as to the portions of the R&R to which Parrish has not specifically

---

[3] Following receipt of a Notice of Change of Address dated October 7, 2018, and received on October 12, 2018 (Dkt. No. 79), the Clerk of Court mailed a second copy of the Report and Recommendation to Parrish, which he received on October 19, 2018 (Dkt. No. 80).

[4] A failure to file specific objections also "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

objected, finding no clear error, the Court **ADOPTS** those portions of the R&R.

The Court reviews <u>de novo</u>, however, any portions of the R&R to which a specific objection is made. 28 U.S.C. § 636(b)(1). Moreover, the pleadings and objections of a <u>pro se</u> plaintiff are entitled to liberal construction. <u>See</u> <u>DiPilato v. 7-Eleven, Inc.</u>, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (noting that <u>pro se</u> objections should be "accorded leniency" and "construed to raise the strongest arguments that they suggest" (internal quotation omitted)).

Here, Parrish objects to the R&R's recommendation that Court dismiss the '710 Claims as time-barred based on his failure to commence this action within six (6) months of the BOP's final denial of those claims. Accordingly, the Court will take up each of Parrish's specific objections to that recommendation in turn below.

**A.    Statute of Limitations**

As an initial matter, Parrish objects to the magistrate judge's conclusion that, pursuant to 28 U.S.C. § 2401(b), he was required to initiate his FTCA action on the '710 Claims on or before April 6, 2017 (Dkt. No. 81 at 2-3).

The FTCA waives the United States' sovereign immunity and allows suits against the federal sovereign for personal injuries

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

caused by government employees acting within the scope of their employment. See 28 U.S.C. § 1346(b), § 2671 et seq. Prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[ ] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).[5] Critically, a plaintiff has six (6) months to initiate an action in federal court after the appropriate government agency mails him notice of its final denial of his claim. 28 U.S.C. § 2401(b) (stating that a tort claim against the United States is "forever barred" unless action is begun within six months after the date of mailing of notice of the agency's final claim denial).

Here, Parrish presented Administrative Claim '710 to the appropriate government agency, the BOP, on September 23, 2016, thereby invoking his administrative remedies (Dkt. No. 65-1 at 11).[6] The BOP timely denied Parrish's claim on October 7, 2016, and

---

[5] A claim is considered to be "presented" when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a).

[6] Specifically, Parrish alleged claims for 1) wrongful confinement; 2) denial of access to courts; 3) racial harassment by BOP staff; 4) loss of eye sight; 5) loss of liberty/wrongful confinement; and 6) the illegal use of restraints. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

advised him that he had six (6) months from that date within which to file suit in federal court. Id. at 18 (stating in relevant part, "Your claim is denied. If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court not later than six months after the date of this letter."). Accordingly, the magistrate judge concluded that Parrish had until April 6, 2017, to bring his FTCA claim against the United States. Parrish, however, did not file suit until May 3, 2017, almost one (1) month after that deadline (Dkt. No. 1).

First, Parrish seems to argue that, because the "Heck[7] Rule governs the start of the statue [sic] of limitations" in this case, his "wrongful confinement/false imprisonment" claims did not accrue until January 25, 2017, "when [he] got the rehearing charges thrown out and expunged from [his] record" (Dkt. No. 81 at 2). Thus, according to Parrish, the statute of limitations on his claims did not begin to run until that date, less than four months before he filed suit in this Court. Id. A careful review of Administrative Claim '710, however, confirms that Parrish's allegations as to these claims stem from his administrative detention in various SMUs from December 2009 to November 2012, in connection with the investigation of a 2009 killing at USP Hazelton (Dkt. No. 65-1 at

---

[7] Heck v. Humphries, 512 U.S. 477 (1994).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

11; 13-14). Accordingly, these claims accrued on June 3, 2016, the date on which Parrish's administrative appeal regarding that detention was granted, his record was expunged, and his good time credit was restored. Id. As noted, Parrish thereafter presented the claims to the BOP on September 23, 2016.

Alternatively, Parrish argues that, even if he was required to file this action within six months from the BOP's final denial of Administrative Claim '710 on October 6, 2016, his complaint was nonetheless timely because "six months from Oct 7, 2016 is April 7, 2017," not April 6, 2017, as determined by the magistrate judge, and his complaint was "dated" April 7, 2017 (Dkt. No. 81 at 3). Whether Parrish was required to initiate this action by Thursday, April 6 or Wednesday, 7, 2017, is ultimately immaterial, however, given that his complaint was not received by this Court until several weeks past either date, on May 3, 2017 (Dkt. No. 1). Accordingly, Parrish failed to timely initiate this action under § 2401(b).

**B.   Prison Mailbox Rule**

Next, Parrish objects to the magistrate judge's determination that the "mailbox rule" does not apply to FTCA claims. Parrish argues that, under the mailbox rule, his complaint should be deemed

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

timely because it was dated, and purportedly mailed on, April 7, 2017 (Dkt. No. 81 at 2).

Although the United States Court of Appeals for the Fourth Circuit has not ruled on the mailbox rule's application to FTCA claims, the majority of courts addressing the issue, including other courts within this District, have concluded that the mailbox rule does not apply to FTCA claims. See, e.g., Blue v. United States, No. 5:12CV121, 2013 WL 1867093, at *3 (N.D. W. Va. May 3, 2013), aff'd, 549 F. App'x 230 (4th Cir. 2014) (Stamp, J.); Boomer v. DeBoo, No. 2:11CV207, 2012 WL 112328 (N.D. W. Va. Jan. 12, 2012) (Bailey, J.) ("'virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims.'")(quoting Vacek v. United States Postal Serv., 447 F.3d 1248, 1252 (9th Cir. 2006)). "This determination is largely based in the Supreme Court's continued emphasis on the fact that, when Congress waives sovereign immunity, that waiver must be strictly construed and only defined as the waiver is defined explicitly in the act itself." Blue, No. 5:12CV121, 2013 WL 1867093, at *3 (citing Vacek, 447 F.3d at 1252).

In his objections, Parrish argues that, based on Houston v. Lack, 487 U.S. 266 (1988), in prisoner cases, a filing is deemed

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81],
AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

"filed" at the moment that the prisoner places the document in the prison mail system. However, Parrish "overlooks the fact that in Houston, the Supreme Court considered the appeal of a federal habeas claim, not the application of the mailbox rule to FTCA." Blue, No. 5:12CV121, 2013 WL 1867093, at *3. Moreover, the FTCA is "a comprehensive statutory scheme that must be considered apart from all other tort actions, and its waiver of immunity must be strictly construed." Id. Accordingly, this Court agrees that the Supreme Court's rulings in Houston are not applicable to this case, and the mailbox rule does not apply to Parrish's FTCA claims.

Further, the Court observes that Parrish's contention that he gave his complaint to prison officials for mailing no later than April 7, 2017, is belied by the fact that the envelope containing the complaint was not postmarked until May 1, 2017 (Dkt. No. 1-2). In an affidavit attached to the defendant's motion, USP Big Sandy Case Management Coordinator Gloria Hartzog ("Hartzog") stated that all outgoing mail is collected from inmates at approximately 6:00 A.M. each weekday (i.e., every Monday through Friday) and delivered to the mail room at USP Big Sandy. It is thereafter transported, at approximately 8:00 A.M. each weekday, to a United States Postal Service ("USPS") facility located in Inez, Kentucky (Dkt. No. 65-2). Outgoing mail is then transported, on the same day, from the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

USPS facility in Inez to a USPS "hub" located in Charleston, West Virginia, where the mail is sorted, metered, and dispatched for delivery. Id. As stated above, Parrish's complaint was postmarked at the USPS hub in Charleston on Monday, May 1, 2017 (Dkt. No. 1-2). Accordingly, it appears that Parrish forwarded his complaint to the staff at USP Big Sandy for mailing on that same date or, at the earliest, over the weekend of April 29 and 30, 2017, or on Friday, April 28, 2017, after outgoing mail had been collected for the day.

**C.   Equitable Tolling**

Finally, Parrish objects to the magistrate judge's determination that he is not entitled to equitable tolling of the statute of limitations (Dkt. No. 81 at 3-4).

In 2015, the Supreme Court held that the FTCA's filing deadline is not jurisdictional and allows for equitable tolling. United States v. Kwai Fun Wong, 135 S.Ct. 1625 (2015) (concluding that "treating the Government like a private person means (among other things) permitting equitable tolling"). Because the FTCA's timeliness requirements are subject to equitable tolling, it is incumbent on "the [d]istrict [c]ourt to decide whether, on the facts of [a given] case, [that particular claimant] is entitled to equitable tolling." Id. at 1638.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

"A statute can be equitably tolled only if a plaintiff shows that (1) she pursued her claim with reasonable diligence and (2) extraordinary circumstances prevented her from filing on time." Lucas v. United States, 664 F. App'x 333, 335 (4th Cir. 2016), cert. denied, 137 S. Ct. 2274 (2017) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). Thus, equitable tolling is an extraordinary remedy "reserved for 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016), cert. denied, 137 S. Ct. 2274 (2017) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Conversely, statutes of limitations are not tolled equitably in cases where the plaintiff has failed, due to his own "blameless ignorance," to file his claim in a timely manner. Clutter-Johnson v. United States, 242 F. Supp. 3d 477, 485 (S.D. W. Va.), aff'd, 714 F. App'x 205 (4th Cir. 2017) (citing Gould v. United States Dept. of Health and Human Svcs., 905 F.2d 738, 745–46 (4th Cir. 1990) ("The burden is on plaintiffs to show that due diligence was exercised and that critical information, reasonable investigation notwithstanding, was undiscoverable.")). Further, "[b]ecause § 2401(b) provides a limited waiver of the United States' sovereign

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81],
AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

immunity," equitable tolling applies only "sparingly." Jackson v.
United States, 751 F.3d 712, 719 (6th Cir. 2014). "The party
seeking equitable tolling bears the burden of proving entitlement
to it." Id.

Regardless of whether Parrish pursued his claims diligently,
he has failed to show any "extraordinary circumstances" preventing
him from filing on time. In arguing for equitable tolling, Parrish
cites "the complex and tricky nature of the circumstances" and "the
research required" to file his claims (Dkt. No. 81 at
4)("Throughout this whole ordeal I've been studying and learning on
my own. I piece [sic] this puzzle together from scratch . . . .").
This is not extraordinary. Parrish's misunderstanding of the law or
misapprehension of a filing deadline is not a basis for equitable
tolling. Giles v. Beckstrom, 826 F.3d 321, 325-26 (6th Cir. 2016)
(collecting cases). Similarly, general ignorance of the law, or pro
se status, is likewise insufficient to warrant equitable tolling.

Of course, wrongful conduct by an opposing party can trigger
equitable tolling. Harris, 209 F.3d at 330. For instance, equitable
tolling is appropriate "in situations where the claimant has
actively pursued his judicial remedies by filing a defective
pleading during the statutory period, or where the complainant has
been induced or tricked by his adversary's misconduct into allowing

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81], AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

the filing deadline to pass." <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990). However, "the[se] principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." <u>Id.</u>

Here, the record contains no evidence establishing that the defendant prevented Parrish from filing his FTCA complaint on time. Despite Parrish's contention that, "at every possible turn[,] the defendants [sic] attempted to mislead the plaintiff into believing his claims had no merit," the record reflects that the October 7, 2016 final claim denial letter specifically advised Parrish of the six-month deadline within which he was required to file suit in order to preserve his claims (Dkt. No. 65-1 at 18). Likewise, Parrish does not suggest he lacked notice of the filing requirement as stated in the October 2016 claim denial letter. In fact, as noted above, Parrish dated his complaint April 7, 2017, demonstrating his awareness of the filing deadline established by the BOP's final denial of Administrative Claim '710.

Because Parrish cannot show any extraordinary circumstances preventing him from filing his complaint on time, the Court concludes that Parrish is not entitled to equitable tolling with regard to the '710 Claims.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 77], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NO. 81],
AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. NO. 65]**

### IV.

In conclusion, for the reasons discussed, the Court:

• **OVERRULES** Parrish's objections (Dkt. No. 81);

• **ADOPTS** the R&R (Dkt. No. 77);

• **GRANTS in PART** the defendant's motion to dismiss (Dkt. No. 65) and **DISMISSES** as time-barred Parrish's claims as stated in Administrative Tort Claim **TRT-MXR-2016-06710**; and

• **DENIES in PART** the defendant's motion to dismiss (Dkt. No. 65) and **DIRECTS** the defendant to address Parrish's claims as stated in Administrative Tort Claim **TRT-MXR-06283** on the merits.

Further, the Court **RECOMMITS** this case to the magistrate judge for further proceedings consistent with this Memorandum Opinion and Order.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit this Order to counsel of record and to the <u>pro se</u> plaintiff, certified mail, return receipt requested.

Dated: January 16, 2019

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE