IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONTE PARRISH,**

    **Plaintiff,**

v.                                                                                             **Civil Action No. 1:17cv70**
                                                                                                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT  BE DENIED

### I. Background

This Federal Tort Claim Act ("FTCA") action was filed May 3, 2017. ECF No. 1. Plaintiff filed a court-approved form on June 16, 2017. ECF No. 7. He was granted permission to proceed *in forma pauperis* on June 19, 2017 and paid an initial partial filing fee on September 14, 2017. ECF Nos. 11, 22. On November 21, 2017, Plaintiff moved to amend his complaint. ECF No. 34. By Order entered November 28, 2017, Plaintiff's motion to amend was granted and the Clerk was directed to send him a blank court-approved form complaint to file his amended claims. ECF No. 35. A corrected Order granting the motion to amend was entered December 8, 2017. ECF No. 38. On December 18, 2017, Plaintiff filed his amended complaint. ECF No. 39.

On May 1, 2018, the Defendant was directed to answer on the limited issue of the timeliness of Plaintiff's claims. ECF No. 57. On May 30, 2017, Plaintiff filed a motion for summary judgment with a memorandum in support, along with exhibits. ECF No. 63. On June 11, 2018, the United States filed a Motion to Dismiss for Lack of Jurisdiction with a memorandum in support and exhibits, and a Motion to Hold Consideration of Plaintiff's Motion for Summary Judgment in Abeyance. ECF Nos. 65, 66.  A Roseboro Notice was issued June 12, 2018. ECF No. 67.  By Order

entered the same day, the United States' motion to hold Plaintiff's summary judgment motion in abeyance was granted. ECF No. 68. On July 5, 2018, Plaintiff filed a response in opposition to the United States' dispositive motion. ECF No. 74.  On September 24, 2018, the undersigned issued a Report and Recommendation ("R&R"), recommending that the Court grant in part and deny in part the defendant's motion to dismiss. ECF No. 77. The R&R first recommended that the Court deny the motion to dismiss Parrish's claims as stated in Administrative Tort Claim TRT-MXR-06283, based on the Defendant's failure to specifically advise Parrish of the six-month deadline within which he was required to file suit in order to preserve his claims, because the failure to include this information in a claim denial letter prevented the limitations period from running. The R&R then recommended that the Court grant the defendant's motion dismiss Parrish's claims as stated in Administrative Tort Claim TRT-MXR-2016-06710, because those claims were time-barred based on Parrish's failure to file this action within six (6) months of the defendant's final denial of the claims, after receiving adequate notice of the filing deadline. It further concluded that neither the "prison mailbox rule" nor the doctrine of equitable tolling apply to save those claims. Id. Plaintiff timely objected [ECF No. 81]; the Defendant did not file any objections.

On January 16, 2019, the Court entered an order adopting the R&R, overruling Plaintiff's objections, and granting in part the Defendant's motion to dismiss, dismissing as time-barred Plaintiff's claims as stated in Administrative Tort Claim TRT-MXR-2016-067; denying in part the Defendant's motion to dismiss, and directing the Defendant to address Plaintiff's claims as stated in Administrative Tort Claim TRT-MXR-06283 on the merits, and recommitting this case to the undersigned for further proceedings. ECF No. 85. On January 23, 2019, Plaintiff filed the instant Motion for Leave to Amend under Fed.R.Civ.P. 15(a)(2), (c)(1)(A) and (C)(B). ECF No. 90. The United States has not filed a response.  Plaintiff also filed a Motion for Relief from Last Judgment

under Rule 60(b)(6) the same day. ECF No. 89. It was denied by Order entered June 18, 2019. ECF No. 98.

In his instant motion, Plaintiff again requests to amend his complaint, now to "add more claims to the administrative tort (TRT-MXR-06283)." ECF No. 90 at 1. Plaintiff contends that these claims were originally raised in TRT-MXR-2016-06710, but that because TRT-MXR-06283 stems from TRT-MXR-2016-06710, this motion for leave to amend is really a motion to consolidate the claims in TRT-MXR-2016-06710 with those in TRT-MXR-06283. Id. He argues that this is appropriate under the continuing tort doctrine, where no single incident can fairly or realistically be identified as the cause of the harm. Id. Plaintiff contends that the start date of the tortious conduct alleged in TRT-MXR-06283 was the use of the 2009 incident report for the alleged murder committed at USP Hazelton. Id. at 2. He argues that that 2009 incident report is the same incident cited as the start of administrative tort TRT-MXR-06710 and that therefore, "[t]hose two claims are one in [sic] the same." Id.

## II. Analysis

It is true that a district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). While Fed.R.Civ.P. 15(a)(1) permits a party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, Fed.R.Civ.P. 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Further, Fed.R.Civ.P. 15(c)(1)(A) provides that an amendment to a pleading relates back to the date of the original pleading when (A) the law that provides the

3

applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.

When the above timelines have expired and the other party does not consent, a plaintiff may not amend his complaint without leave of court. The Fourth Circuit has held that courts should deny leave to amend "only where good reason exists" to do so. Franks v. Ross, 313 F.3d 184, 189 n.15 (4th Cir. 2002). Leave to amend may be denied when the proposed amendment is futile because it is "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986); see also Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Here, a careful review of the record reveals that Plaintiff's motion appears to be merely another attempt to evade the Court's conclusion regarding his failure to timely raise the claims alleged in administrative tort TRT-MXR-2016-06710, a decision already announced in its January 16, 2019 Memorandum Opinion and Order Adopting the Report and Recommendation. Moreover, the amendment Plaintiff seeks to make to his complaint, adding the claims from administrative tort TRT-MXR-2016-06710 to those raised in TRT-MXR-06710, would be futile, because the timeline for filing a tort against the United States, set forth in 28 U.S.C. § 2401(b), must be strictly construed, and the claims in TRT-MXR-2016-06710 have already been found to have been untimely raised; therefore, permitting Plaintiff to amend, in order to "consolidate the claims" in the two administrative torts would not change the outcome of this case. Finally, Plaintiff's argument regarding the applicability of the continuing tort, or continuing violation doctrine to the two administrative tort claims is unavailing. "The purpose of the continuing violation doctrine is to toll filing deadlines when a plaintiff could not reasonably be expected to perceive the alleged

violation before the limitations period has run, or when the violation only becomes apparent in light of later events." Press v. United States, 2018 U.S. Dist. LEXIS 37888 *16 n. 7 (D. Md. March 8, 2018) (internal punctuation removed) (*quoting* Threatt v. Jackson, No. 06-CV-3944, 2007 U.S. Dist. LEXIS 16008 at *2) (N.D. Ill. Mar. 7, 2007). Plaintiff cannot reasonably claim that he was unaware of the alleged violations he raised as claims in his administrative tort TRT-MXR-2016-06710. Moreover, had he filed the claims when he received his October 7, 2016 final denial letter, which clearly advised him of the six-month deadline in which he was required to file suit [ECF No. 65-1 at 18], instead of waiting nearly a month past that date, his claims could have been timely raised.

### III. Recommendation

Based on the foregoing, the undersigned recommends that Plaintiff's second motion to amend his complaint [ECF No. 90] should be **DENIED as futile.**

The parties are notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene M. Keeley, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL

P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Keeley.

The Clerk is directed to provide a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

DATED:   June 18, 2019

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE