IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONTE PARRISH,**

    **Plaintiff,**

**v.**                                                  **CIVIL ACTION NO. 1:17CV70**
                                                              **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND
DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Michael J. Aloi recommending denial of the motion for leave to file a second amended complaint filed by the pro se plaintiff, Donte Parrish ("Parrish"). Also pending are Parrish's objections to the magistrate judge's recommendations. For the reasons that follow, the Court **OVERRULES** Parrish's objections (Dkt. Nos. 105; 107), **ADOPTS** the Report and Recommendation (Dkt. No. 99), and **DENIES** Parrish's motion for leave to amend (Dkt. No. 90).

**I.**

On May 3, 2017, Parrish, a federal inmate, initiated this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA") (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and its local rules, the Court referred the complaint to Magistrate Judge Aloi for initial screening and a report and recommendation ("R&R").

**PARRISH V. USA** 1:17CV70

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

On December 18, 2017, Parrish filed an amended complaint alleging claims of false imprisonment, abuse of process, intentional infliction of emotional distress, negligence, and malicious prosecution related to the Bureau of Prisons ("BOP")'s investigation of a 2009 incident at USP Hazelton and his placement in various Special Management Units ("SMUs") during the pendency of that investigation (Dkt. No. 39). Parrish further alleged that he filed two Administrative Tort Claim forms regarding these claims, both of which were subsequently denied by the BOP.[1] Id. at 4. Following the Magistrate Judge's initial review, the defendant moved to dismiss Parrish's amended complaint for failure to state a claim (Dkt. No. 65).

By Memorandum Opinion and Order entered on January 16, 2019, the Court granted in part and denied in part the defendant's motion to dismiss (Dkt. No. 85). First, the Court denied the motion to dismiss Parrish's claims as stated in Administrative Tort Claim TRT-MXR-06283 ("Administrative Claim '283" or "the '283 Claims") based on the defendant's failure to specifically advise Parrish of

---

[1] The FTCA requires a plaintiff pursuing a tort claim to follow a multi-step process. First, a plaintiff must file his claim with the appropriate federal agency, which then has the power to settle or deny it. 28 U.S.C. §§ 2401(b), 2675(a). The plaintiff may file a civil action against the United States only if the agency has denied the claim. 28 U.S.C. § 2675(a).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

the six-month deadline within which he was required to file suit in order to preserve his claims. Then, after reviewing the administrative record in the case, the Court granted the defendant's motion to dismiss Parrish's claims as stated in Administrative Tort Claim TRT-MXR-2016-06710 ("Administrative Claim '710" or "the '710 Claims"). Specifically, the Court concluded that the '710 Claims are time-barred based on Parrish's failure to file this action within six (6) months of the defendant's final denial of the claims, after receiving adequate notice of the filing deadline. Id. at 5-8. Following the entry of its Memorandum Opinion and Order, the Court recommitted the case to the magistrate judge for further proceedings on Parrish's remaining abuse of process claim, i.e. the '283 Claim. Id. at 15.

Now pending is Parrish's second "Motion for Leave to Amend" (Dkt. No. 99). Parrish seeks to amend his complaint for a second time in order to "add more claims to the administrative tort (TRT-MXR-06283)." Parrish concedes that the claims he seeks to add to Claim '283 were originally raised in Claim '710. He argues, however, that because the '283 Claim "stem[s] from" the '710 Claims, his motion for leave to amend is actually a request "for consolidation of those separate claims." Id. at 1. According to Parrish, the so-called "consolidation" of his claims is appropriate

**PARRISH V. USA**                                                    **1:17CV70**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND
DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

under the continuing tort doctrine, "where there is no single incident that can fairly or realistically be identified as the cause of significant harm." Id. at 1-2.

## II.

On June 18, 2019, Magistrate Judge Aloi entered an R&R recommending that the Court deny Parrish's motion for leave to file a second amended complaint (Dkt. No. 99). The R&R concluded that Parrish's proposed amendment would be futile because the claims he seeks to raise are clearly time-barred. Id. at 3-4. It further concluded that the continuing violation doctrine does not apply to save those claims. Id. at 4-5. The R&R also informed the parties of their right to file written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. Id. at 5. The Court received Parrish's timely objections to the R&R on July 10 and 12, 2019 (Dkt. Nos. 105; 107). To date, the defendant has not filed any objections.

## III.

In reviewing a magistrate judge's R&R, the Court may adopt without explanation any recommendations to which no objections are

**PARRISH V. USA**                                                1:17CV70

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND
DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

filed.[2] Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). Thus, as to the portions of the R&R to which Parrish has not specifically objected, finding no clear error, the Court **ADOPTS** those portions of the R&R.

The Court reviews de novo, however, any portions of the R&R to which a specific objection is made. 28 U.S.C. § 636(b)(1). Moreover, the pleadings and objections of a pro se plaintiff are entitled to liberal construction. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (noting that pro se objections should be "accorded leniency" and "construed to raise the strongest arguments that they suggest" (internal quotation omitted)). Here, Parrish specifically objects to the R&R's recommendation that Court deny as futile his motion for leave to file a second amended complaint.

**IV.**

A party "may amend its pleading once as a matter of course" before the opposing party files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that time, a party may only amend its pleading

---

[2] A failure to file specific objections also "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND
DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

with the consent of the opposing party or with leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the court "may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face. A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019) (internal citations and quotation marks omitted).

In this case, Parrish seeks leave to further amend his complaint in order to "add more claims to" Administrative Claim '283 (Dkt. No. 90 at 1). Such amendment would be futile, however, because the claims he seeks to raise are clearly untimely. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied.").

As discussed at length in the Court's prior Memorandum Opinion and Order granting in part the defendant's motion to dismiss (Dkt. No. 85), Parrish presented the claims at issue to the BOP on

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND
DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

September 23, 2016, thereby invoking his administrative remedies (Dkt. No. 65-1 at 11). The BOP timely denied Parrish's claim on October 7, 2016, and advised him that he had six (6) months from that date within which to file suit in federal court. Id. at 18 (stating in relevant part, "Your claim is denied. If you are not satisfied with our determination in this matter, you may file suit in the appropriate U.S. District Court not later than six months after the date of this letter."). Accordingly, Parrish had until April 6, 2017, to bring his FTCA claim against the United States. Parrish, however, did not file suit until May 3, 2017, almost one month after that deadline (Dkt. No. 1).

Further, to the extent Parrish argues in his objections that he should be permitted to amend his complaint because his administrative claims both "stemmed [sic] from the same wrongful conduct," Dkt. No. 107 at 2, that argument is unavailing. Parrish made only one allegation in Administrative Claim '283, that a BOP regional director "abused the process" when he remanded an incident report to USP Hazelton and issued a rehearing on an "altered" charge on June 3, 2016. See Dkt. No. 55-1 at 3 ("I am now being charge [sic] for a charge I was never charged with in the initial incident report. This is a direct misuse of a legal process.").

**PARRISH V. USA** 1:17CV70

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99], OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

Parrish's proposed second amended complaint, however, does not allege the same misconduct as that alleged in support of the abuse of process claim articulated in Claim '283. Instead, the proposed complaint alleges false imprisonment, negligence, malicious prosecution, intentional infliction of emotional distress, and abuse of process claims, all of which stem directly from Parrish's administrative detention in various SMUs from December 2009 to November 2012 during the pendency of a BOP investigation. See Dkt. No. 90-1. Parrish cannot circumvent the Court's prior determination as to the untimeliness of these claims by simply requesting that they now be "consolidated" with his timely abuse of process claim. Because Parrish's proposed claims are time-barred, further amendment of the complaint would be futile.

**V.**

In conclusion, for the reasons discussed, the Court **OVERRULES** Parrish's objections (Dkt. Nos. 105, 107), **ADOPTS** the R&R (Dkt. No. 99), and **DENIES** as futile Parrish's motion for leave to file a second amended complaint (Dkt. No. 90).

It is so **ORDERED.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 99],
OVERRULING PLAINTIFF'S OBJECTIONS [DKT. NOS. 105, 107], AND
DENYING AS FUTILE SECOND MOTION FOR LEAVE TO AMEND [DKT. NO. 90]**

The Court **DIRECTS** the Clerk to transmit this Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: July 19, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE