```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DONTE PARRISH,**

    **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO. 1:17CV70**
                                                                                        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Michael J. Aloi ("R&R"), recommending that the Court grant the government's motion to dismiss or, alternatively, its motion for summary judgment (Dkt. No. 121). Also pending are Donte Parrish's ("Parrish") objections to the magistrate judge's recommendations (Dkt. No. 127). For the reasons that follow, the Court **OVERRULES** Parrish's objections (Dkt. Nos. 127), **ADOPTS IN PART AND REJECTS IN PART** the R&R (Dkt. No. 121), **GRANTS** the government's motion (Dkt. No. 102), and **DISMISSES** the case.

I.

**A. Procedural History**

On May 3, 2017, Parrish, a federal inmate, initiated this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA") (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and its local

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

rules, the Court referred the complaint to Magistrate Judge Aloi for initial screening.

On December 18, 2017, Parrish filed an amended complaint alleging false imprisonment, abuse of process, intentional infliction of emotional distress, negligence, and malicious prosecution related to the Bureau of Prisons's ("BOP") investigation of a 2009 incident at USP Hazelton, and his placement at various Special Management Units ("SMUs") during the pendency of that investigation (Dkt. No. 39). Parrish filed two Administrative Claim forms regarding these claims, both of which were subsequently denied by the BOP. Following the magistrate judge's order directing the government to address whether Parrish's FTCA claims were timely, the government moved to dismiss the amended complaint for the first time on June 11, 2018.

By Memorandum Opinion and Order entered on January 16, 2019, the Court granted in part and denied in part the government's first motion to dismiss (Dkt. No. 85). The Court denied the motion to dismiss Parrish's claim as stated in Administrative Tort Claim TRT-MXR-06283 ("Administrative Claim '283" or "the '283 Claim") based on the government's failure to advise Parrish of the six-month deadline within which he was required to file suit. In

**PARRISH V. USA**                                                                      **1:17CV70**

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

the '283 Claim, Parrish had alleged that a BOP regional director "abused the process" when he remanded for rehearing a disciplinary hearing officer's ("DHO") decision on the incident report for the 2009 incident at USP Hazelton. The Court then granted the government's motion as to Parrish's claims in his Administrative Tort Claim TRT-MXR-2016-06710 ("Administrative Claim '710" or "the '710 Claim"). Specifically, the Court concluded that the '710 Claim was time-barred because Parrish had failed to file this action within six months after receiving adequate notice of the filing deadline.

On January 23, 2019, Parrish moved to amend his complaint a second time, seeking to "add more claims" to Administrative Claim '283 (Dkt. No. 90). He conceded that the claims he sought to add were originally raised in the '710 Claim, but argued that the '283 Claim stemmed from the '710 Claim. On July 19, 2019, the Court denied Parrish's second motion to amend, deeming it an attempt to add untimely claims (Dkt. No. 111). It concluded that the proposed amendment did not allege the same misconduct as in Claim '283, and explained that Parrish could not circumvent its prior determination that the '710 Claim was untimely by attempting to consolidate it with the timely '283 Claim.

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

The government filed a second motion to dismiss or, alternatively, motion for summary judgment on June 2, 2019 (Dkt. No. 102), in which it contended: (1) the charge pertaining to the 2009 incident at USP Hazelton was expunged from his prison disciplinary record; (2) the claims were not first presented to the appropriate federal agency; (3) the claims in the amended complaint were not meritorious under applicable state law; and (4) Parrish is barred from seeking damages beyond those requested in the '283 Claim. Parrish responded to the motion on August 5, 2019 (No. 117). The government did not reply.

**B.     Report and Recommendation**

On November 27, 2019, Magistrate Judge Aloi entered an R&R, recommending that Parrish's claims of false imprisonment and malicious prosecution be dismissed for lack of subject matter jurisdiction because they are not the same claims raised in the '283 Claim (Dkt. No. 121). The magistrate judge also concluded that Parrish's intentional infliction of emotional distress, negligence, and abuse of process claims, and his argument that the government had falsified documents, lacked merit. He further recommended that

4

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

Parrish's claim for relief be denied because it exceeded the amount originally sought in the '283 Claim.[1]

The R&R informed the parties of their right to file written objections to the R&R. The Court received Parrish's timely objections to the R&R on January 2, 2020 (Dkt. No. 127).

**C. Parrish's Objections**

Parrish has objected to the entirety of the R&R. He specifically objects to the magistrate judge's conclusion that his false imprisonment and malicious prosecution claims are barred because they were not properly raised in the '283 Claim. He contends that the defendant was "on notice" of the circumstances surrounding his amended complaint. He further objects to the recommendations regarding the merits of his FTCA claims, the amount of his claim for relief, and his allegation that the government falsified documents.

**II.**

When considering a magistrate judge's R&R pursuant to 28 U.S.C. § 636(b)(1), the Court must review de novo those portions to which objection is timely made. Otherwise, "the Court may adopt,

---

[1] The magistrate judge also recommended that the Court deny as moot a motion for summary judgment filed by Parrish on May 30, 2018, but the Court had already denied the motion (Dkt. No. 95).

**PARRISH V. USA**                                            **1:17CV70**

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

without explanation, any of the magistrate judge's recommendations to which the [defendant] does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection is made if there is no "clear error." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### III.

The FTCA requires a plaintiff to file an administrative claim prior to commencing a suit against the United States. 28 U.S.C. § 2675. First, a plaintiff must timely file his claim with the appropriate federal agency, which then has the power to settle or deny it. § 2401(b). The plaintiff may file a civil action against the United States only if the agency has denied the claim. § 2675(a). Alternatively, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim" for the purposes of fulfilling the requirement. Id.

The FTCA's administrative exhaustion requirement is fulfilled when the agency "receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident,

**PARRISH V. USA**                                                      **1:17CV70**

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2 (emphasis added). The purpose of this notice is to enable the agency to investigate and place a sum certain value on the claim. Ahmed v. United States, 30 F.3d 514, 516-17 (4th Cir. 1994); cf. Henderson v. United States, 785 F.2d 121, 124 (4th Cir. 1986) (quoting Meeker v. United States, 435 F.2d 1219, 1222 (8th Cir. 1970) (explaining that Congress intended to "improve and expedite disposition of monetary claims against the Government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation"). Consequently, a plaintiff cannot present an administrative claim based on one theory of relief and then maintain an FTCA suit based a different cause of action or set of facts. Deloria v. Veterans Admin., 927 F.2d 1009, 1012 (7th Cir. 1991)(finding administrative notice of conspiracy to alter medical records was not sufficient notice of subsequent FTCA claims of medical malpractice and negligence because the "allegations involve wholly different incidents").[2]

---

[2] Compare Doe v. United States, 618 F. Supp. 71, 74 (D.S.C. 1985) (explaining that it "would be an act of legal socery [sic]" to "convert" an intentional assault and battery administrative claim to an FTCA claim of medical malpractice because "the facts simply do not support any claim

7

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

The government contends Parrish's amended complaint should be dismissed for lack of jurisdiction based on his failure to exhaust administrative remedies as to all of his claims (Dkt. No. 103 at 11). Indeed, the Fourth Circuit considers this requirement to be jurisdictional in nature. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995) (affirming district court's denial of a motion to amend when there is "no jurisdiction to hear the case because [Plaintiff] failed to first submit those claims as administrative claims and exhaust her administrative remedies"); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986) ("It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived."); Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976) (stating that the "requirement is jurisdictional and is not waivable.").

Supreme Court precedent and the language of the FTCA confirm this line of authority. Recently, in Fort Bend County v. Davis, 139 S. Ct. 1843 (2019), a unanimous Supreme Court clarified that administrative requirements are jurisdictional in two instances: (1) When Congress clearly makes it so; or (2) when a "long line of

---

other than one for assault and battery"), with Munger v. United States, 116 F. Supp.2d 672, 676-77 (D. Md. 2000) (allowing two plaintiffs to file separate FTCA claims even though the plaintiffs did not file separate administrative claims because the claims "arose out of the same facts").

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

Supreme Court decisions left undisturbed by Congress has attached a jurisdictional label to a prescription." Id. at 1849-50 (internal quotation marks omitted)[3]; Cf. McNeil v. United States, 508 U.S. 106, 112 (1993) (upholding dismissal of FTCA claims for lack of subject matter jurisdiction where a pro se plaintiff had failed to exhaust administrative remedies prior to filing suit because "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

When Congress granted federal district courts exclusive jurisdiction to hear tort claims against the United States in the FTCA, it conferred such power "[s]ubject to the provisions of chapter 171." 28 U.S.C. § 1346(b)(1). Chapter 171, Tort Claims Procedure, in turn, contains the administrative exhaustion requirement, § 2675, which indicates that the requirement is a jurisdictional prerequisite because Congress has clearly stated it to be so. Accordingly, Fourth Circuit precedent, read together with

---

[3] The Court in Fort Bend County distinguished between jurisdictional bars and mandatory claim-processing and other procedural preconditions of relief, explaining that the latter, but not the former, are subject to forfeiture. Id. at 1851-52 ("[A] rule may be mandatory without being jurisdictional."). Here, the government has not forfeited its argument that Parrish has not properly presented his FTCA abuse of process claim to the appropriate federal agency (Dkt. No. 102 at 11-13).

**PARRISH V. USA**                                                      **1:17CV70**

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

Fort Bend County and McNeil and the language of the FTCA, confirms the administrative exhaustion requirement to be a necessary predicate to this Court's exercise of jurisdiction.

**IV.**

**A.  False Imprisonment**

Because the Court has already dismissed as untimely Parrish's Administrative Claim '710, which included his claim of false imprisonment (See the Court's January 16, 2019 and July 19, 2019 Orders, Dkt. Nos. 85 at 15; 111 at 8), it declines to adopt the magistrate judge's recommendation that Parrish's false imprisonment claim be dismissed for lack of subject matter jurisdiction, and rejects Parrish's argument that his false imprisonment claim was adequately presented in his Administrative Claim '283. Accordingly, the Court dismisses this claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6)

**B.  Intentional Infliction of Emotional Distress and Negligence**

Parrish's Administrative Claim '283 is the only timely underlying administrative claim remaining in this case. It contains one allegation that a BOP regional director "abused the process" when he remanded for rehearing a DHO's decision on a charge related to the 2009 incident at USP Hazelton. Parrish conceded as much in

**PARRISH V. USA**                                                1:17CV70

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

his response opposing the government's motion to dismiss: "The change of the charge from 100 (killing) to 100A (assisting in killing) on remand was the basis for TRT-MXR-2016-06283." Notably, the R&R observed that this underlying abuse of process claim is the only remaining claim.

Despite the lack of jurisdiction, the magistrate judge recommended that Parrish's intentional infliction of emotional distress and negligence claims be dismissed on their merits. The Court declines to adopt that recommendation, and will dismiss those claims for lack of subject matter jurisdiction because they allege theories of relief Parrish clearly did not present in Claim '283. <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 95 (1998) (recognizing that "without jurisdiction . . . the only function remaining to the court is that of announcing the fact and dismissing the cause").

**C.   Malicious Prosecution**

Parrish's malicious prosecution claim must also be dismissed for lack of subject matter jurisdiction because it was not raised in the '283 Claim. This is so even though Parrish urges the Court to overlook the administrative exhaustion requirement, arguing that the government was on notice of the circumstances surrounding the

**PARRISH V. USA**  1:17CV70

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

claim because the '710 Claim referenced the '283 Claim and "[dealt] with the same matter."

Even when liberally construed, this argument fails. First, the '710 Claim did not include a claim for malicious prosecution. Second, as explained in the Court's Memorandum Opinion and Order denying Parrish's second motion to amend his complaint, Parrish cannot circumvent its prior determination that the '283 Claim is the only timely underlying claim. Therefore, because Parrish has failed to satisfy the necessary prerequisite to file a malicious prosecution claim, the Court overrules his objection and adopts the R&R's recommendation that Parrish's malicious prosecution claim be dismissed for lack of subject matter jurisdiction.

D. **Abuse of Process**

Parrish has failed to satisfy the administrative exhaustion requirement for the claim of abuse of process alleged in his amended complaint because it does not relate to the BOP regional director's remand, which was the subject of his '283 Claim. Parrish alleges that, although he appealed the DHO's decision that he had committed an offense of "killing," a category 100 charge, upon remand for rehearing a BOP regional director changed that offense

**PARRISH V. USA**                                                     **1:17CV70**

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

to "assisting in killing," a category 100A charge (Dkt. Nos. 117-1 at 5, 51-8 at 2).[4]

In contrast, the abuse of process claim in his amended complaint alleges that the government misused the processes of administrative detention and SMU designation for the sole purpose of illegally confining Parrish, and that his SMU hearing took place under false pretenses. The federal employees whose actions form the basis for this claim include the SMU hearing examiner, Designation and Sentence Computation Center staff, the wardens of three BOP facilities, and "all those employees who work[ed] for the FBOP and [were] assigned to USP Hazelton in 2009-10."

Although both are labeled abuse of process, any commonality between the '283 and FTCA claims ends there. Each sets forth a different theory of relief; each is based on a different set of facts; and each involves different BOP employees. Because these allegations "involve wholly different incidents," Deloria, 927 F.2d

---

[4] The Court notes that the BOP's policy regarding the implementation of 28 C.F.R. § 541.3(b) pertaining to categories of disciplinary offenses states that "aiding another person to commit any of these offenses, attempting to commit them, or making plans to commit them is considered equivalent to committing the offense itself. In these cases, the letter "A" is combined with the offense code" (Dkt. No. 103-4 at 11).

**PARRISH V. USA** 1:17CV70

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

at 1012, the '283 Claim failed to provide proper notice for the government to undertake an investigation and evaluation of the abuse of process claim alleged in Parrish's amended complaint.

Because Parrish has failed to satisfy the FTCA's jurisdictional prerequisite, the Court rejects the recommendation in the R&R that this claim be denied and, instead, pursuant to Federal Rule of Civil Procedure 12(b)(1), dismisses Parrish's abuse of process claim based on lack of jurisdiction.[5]

### V. CONCLUSION

For the reasons discussed, the Court:

- **OVERRULES** Parrish's objections (Dkt. Nos. 127);
- **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation (Dkt. No. 121);
- **GRANTS** the United States's motion to dismiss or, alternatively, for summary judgment (Dkt. No. 102);
- **DISMISSES** Parrish's false imprisonment claim **WITH PREJUDICE;** and
- **DISMISSES** all other claims **WITHOUT PREJUDICE.**

It is so **ORDERED.**

---

[5] Because the Court lacks jurisdiction to address the claims in Parrish's amended complaint, it need not address Parrish's remaining objections on their merits.

**PARRISH V. USA**                                          **1:17CV70**

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

The Court **DIRECTS** the Clerk to transmit this Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: March 23, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

**PARRISH V. USA**                                          **1:17CV70**

**MEMORANDUM OPINION AND ORDER OVERRULING
OBJECTIONS [DKT. NO. 127], ADOPTING IN PART AND
REJECTING IN PART REPORT AND RECOMMENDATION [DKT. NO. 121],
GRANTING MOTION TO DISMISS [DKT. NO. 102], AND DISMISSING CASE**

The Court **DIRECTS** the Clerk to transmit this Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: March 23, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE